

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
SECTION OF TENNESSEE AT KNOXVILLE

**FILED**
SEP 0 6 2011
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

JOHN & MARY STIERS,

And all other similarly situated individuals,

Plaintiffs.

v.

STATE FARM INSURANCE,

Defendant.

Docket No.: 3:11-CV-437
JURY IS DEMANDED.

Phillips/Shirley

## CLASS ACTION COMPLAINT FOR DAMAGES

Comes the Plaintiffs and all other similarly situated individuals ("Class members") by and through under-signed counsel and for their class action complaint for damages against the Defendant state as follows:

### **PARTIES**

1. Plaintiffs, John and Mary Stiers are citizens of the state of Tennessee and are residents of Jefferson County;

2. Class members are all other similarly situated Plaintiffs having a claim under this class action who are as of yet unknown;

3. Defendant, State Farm Insurance, ("State Farm") is a corporation and has its principal place of business located in Bloomington, Illinois.

**JURISDICTION AND VENUE**

4. Jurisdiction and venue is proper before this Honorable Court because the parties to this action are completely diverse pursuant to section 28 USC § 1332 and the amount in controversy exceeds $75,000.

**CLASS ACTION ALLEGATIONS**

This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of Tennessee consumers consisting of John and Mary Stiers, as well as all other persons who purchased State Farm home owners insurance and, who were denied overhead and profit on the repairs of their homes. See Parkway Associates, LLC v. Harleysville Mutual Insurance, Co., 129 Fed. Appx. 955 (U.S. App. 2005). The requirements of Federal Rules of Civil Procedure 23(A) and Federal Rules of Civil Procedure 23(B) are satisfied.

The Class is so numerous that joinder of all members is impracticable. The exact numbers of class members is unknown to the Plaintiffs, but can be determined from the records maintained by State Farm Insurance. Upon information and belief, the class consists of thousands of persons residing in Tennessee.

The claims of the Plaintiffs are typical of the claims of the Class, and the Plaintiffs have no claims that are antagonistic to those of the Class.

The Plaintiffs will fairly and adequately represent the members of the Class, and has retained counsel who are competent and experienced in class action and federal and complex litigation and who have agreed to advance the expenses of the class action lawsuit.

Defendant has acted on grounds generally applicable to the Class and Plaintiffs seeks an injunction, declaratory and other relief with respect to the Class as a whole.

A class action is superior to other methods for the fair and efficient adjudication of this controversy. Furthermore, as the damages suffered by many individual members of the Class may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for members of the Class to redress the wrongs done to them individually. Many if not most class members are unaware that claims exist against Defendants. There will be no unusual difficulty in the management of this action as a class action.

Common questions of law and fact exist and predominate over questions affecting only individual members of the Class.

Common questions of law and fact with respect to the Class include, but are not limited to:

    a. Did State Farm breach its contracts with the Class members by denying them coverage for overhead and profit in the repair of their homes;

    b. Did State Farm breach its duty of good faith and fair dealing to the Class members when it failed to pay them overhead and profit;

    c. Did State farm fraudulently conceal the fact that they were not paying the Class members their overhead and profit;

    d. Was State farm unjustly enriched by receiving premiums from the Class members but failing to pay to them overhead and profit on the damage to their homes.

## COUNT ONE – BREACH OF CONTRACT

1. That the Stiers and other Class members contracted with State Farm for a homeowner's insurance policy that provided replacement value for damage to their homes;

2. That the Stiers and other Class members paid to State Farm premiums in consideration for a homeowners insurance policy which provided to them overhead and profit if their homes were covered by damage caused by certain weather;

3. That the Stiers and other Class members kept their end of the bargain by paying the premium for the homeowners policy provided to them by State Farm;

4. That State Farm breached its contract with Stiers and other Class Members by failing to pay them overhead and profit regarding damage to their homes;

## COUNT TWO – BREACH OF GOOD FAITH AND FAIR DEALING

5. That the Stiers and other Class Members were owed an implied duty of good faith and fair dealing by State Farm;

6. That by failing to pay the Stiers and other Class Members their overhead and profit which their homeowners insurance policy provided for State Farm breached its duty of good faith and fair dealing with Stiers and the other Class Members;

## COUNT THREE – FRAUD

7. That the Stiers and other Class Members were led to believe that State Farm was paying overhead and profit when in reality State Farm was not paying overhead and profit due to the documentation provided to the Stiers and other Class members;

8. That State Farm provided the Stiers and upon information and belief the other Class members a "sample" itemized payout

sheet in an attempt to trick them into believing they were being paid their overhead and profit. See EXHIBIT A;

9. That State Farm went further and provided an estimate by way of their claims adjuster to the Stiers indicating that the payout provided overhead and profit. See EXHIBIT B;

10. That State Farm sought to conceal the fact that it was not paying the Stiers and other Class members their overhead and profit by making them believe they were being paid the overhead and profit through the use of EXHIBITS A and B;

## COUNT FOUR – UNJUST ENRICHMENT

11. That State Farm was unjustly enriched with the Stiers' and other Class members' money by not paying to them their overhead and profit;

12. That State Farm was to pay the Stiers and the other Class members their overhead and profit in the very first check issued to them for the repairs to their homes;

13. That State Farm failed to pay overhead and profit to the Stiers and the other Class members and has thereby been unjustly enriched with their money.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY JUDGMENT AS FOLLOWS:**

A. That this complaint be filed and that the Court certify this class action;

B. That the class plaintiffs be awarded damages for counts one through four to be determined at trial;

C. That the class plaintiffs be awarded double damages for count three;

D. That the class plaintiffs be awarded attorney fees;

E. That the class plaintiffs be awarded punitive damages;

F. That the class plaintiffs be awarded both pre and post judgment interest at the highest rate allowable by law;

G. That a jury try this cause;

H. That the class plaintiffs be awarded discretionary costs;

I. For general relief.

Respectfully submitted,

DAVID RANDOLPH SMITH & ASSOCIATES

_[signature: David Randolph Smith]_  w/perm~ ree

David Randolph Smith
Counsel for the Plaintiffs
1913 21st Avenue South
Hillsboro Village
Nashville, TN 37212
(615) 742-1775

LAW OFFICE OF RUSSELL L. EGLI, PLLC

_____

Russell L. Egli
Keith R. Wesolowski
Co-Counsel for Plaintiffs
11470 Parkside Drive, Suite 201
Knoxville, TN 37934
(865) 304-4125